**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 11 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LAWRENCE L. KELLY,

      Plaintiff-Appellant,

v.

MARKET U.S.A.,

      Defendant-Appellee.

No. 03-3140
(D.C. No. 01-CV-4169-SAC)
(Kansas)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

Appellant pro se Lawrence L. Kelly alleges violations of Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act. The district court dismissed his complaint because Mr. Kelly repeatedly refused to produce or respond to discovery requests. We affirm.

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After answering Mr. Kelly's complaint, Defendant Market U.S.A (Market) served Mr. Kelly with written discovery requests. In response, Mr. Kelly filed a "Case Briefing," in which he indicated his refusal to comply:

> The Interrogatories submitted to the Plaintiff Pro Se are not acceptable. Made out to a Lawrence Lane. The Defendant wants to pry into my personal business and private matters which have no significance and relevancy to the nature of this case. He wants to interrogate my charactor [sic] and irritate me. The Defendant's conduct is deplorable and asinine. Record, Vol. I, Doc. 47 at 1.

Market filed a motion to compel discovery, which Magistrate Judge Catherine A. Walter granted. The court also warned Mr. Kelly that failure to comply with the court's orders could result in sanctions, including the involuntary dismissal of his case with prejudice. Mr. Kelly refused to comply with the order, but did file objections to it. Nevertheless, Mr. Kelly did not apply for a stay of Magistrate Walter's order pending a decision on his objections, as he should have under the Local Rules, so Mr. Kelly's failure was not excused.

Market filed a motion for sanctions under Federal Rule of Civil Procedure 37(b), seeking dismissal based on Mr. Kelly's discovery abuses and wasting of resources. Magistrate Judge Donald W. Bostwick issued a report and recommendation in which he analyzed the five factors the court must consider prior to imposing dismissal as a sanction under *Ehrenhaus v. Reynolds*, 965 F.2d

916 (10th Cir. 1992).[1]  Noting that Mr. Kelly appeared to have no intention of complying with any of the court's orders concerning discovery, Magistrate Bostwick found that sanctions less severe than dismissal would be neither effective nor appropriate.  Magistrate Bostwick did, however, recommend that the district court give Mr. Kelly an additional fifteen days in which to produce discovery if the district court found Magistrate Walter's original order to be improper.  Magistrate Bostwick also asserted that if Mr. Kelly refused to comply with all discovery by the proper date, the case should be dismissed immediately.

District Judge Sam Crow accepted and adopted Magistrate Bostwick's report and recommendation and gave Mr. Kelly until April 26, 2003 to produce the discovery.  Judge Crow again warned Mr. Kelly that refusal to comply would result in a dismissal with prejudice without further notice of hearing.  When Mr. Kelly did not comply, the district court dismissed his case with prejudice.

We review the district court's decision to dismiss an action for discovery violations under an abuse of discretion standard.  *Ehrenhaus*, 965 F.2d at 920 (citing *Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 642 (1976) (per curiam)).

---

[1] Those factors are: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Ehrenhaus,* 965 F.2d at 921 (citations and quotations omitted).

After reviewing the record, we conclude that the court acted within its discretion in dismissing the complaint. Mr. Kelly has refused to produce discovery at any point in this case, despite being warned repeatedly by the court that continuing on that path would result in dismissal. Rather than seek to be excused from the court's orders, Mr. Kelly has accused the court and opposing counsel of fraudulent conduct.

The district court may enter dismissal or default orders against Mr. Kelly for his failure to obey a discovery order and failure to respond to interrogatories or requests for production. Fed. R. Civ. P. 37(b)(2)(C), 37(d). In addition, Magistrate Judge Bostwick applied the five-factor test used by this court and found that dismissal was the proper sanction. We concur with Magistrate Bostwick's well-reasoned analysis and conclude that the district court did not abuse its discretion by dismissing this complaint. On this record, there is no reason why dismissal was not an appropriate sanction for non-compliance with repeated court orders regarding discovery.

Therefore, we **AFFIRM** the district court's dismissal of the complaint.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge